Tbe opinion of tbe Court was delivered by
O’Neall, J.
In this case for trading with a slave, I will as briefly as possible notice tbe grounds for a new trial.
1st. It is a mistake to suppose that at the first term, a Judge is bound to order a continuance on tbe affidavit and other requisites required by tbe twenty-third rule. Without these tbe case will not be continued : but it may be, notwithstanding these requisites are complied with, that there is reason to believe that delay, not justice, is the object of tbe party : in such circumstances tbe duty to order a case bn is plain. But this case was not at tbe first term. Tbe bill was found and traversed at a previous term. This was therefore tbe second term, and the case fell under tbe twenty-fifth rule, which was not complied with.
It is however better to say in this case, as Judge JOHNSON said in Hunter vs. Glenn, 1 Bail. 544, in the year 1830, and which, in substance, has been repeated in every case since. “ The often repeated determination of this Court not to interfere with the discretion of the presiding Judge as to the trial or postponement of a cause, ought to have exempted it from further applications for a new trial on that ground. All that I find it necessary I should say is, that we shall adhere to it.”
2d. The Act of 1839, 11 Stat. 15, § 8, which declares that *298 “ the accused shall in felonies, and in no other case, have the like process,” a warrant to compel the witness to enter into recognizance to appear and testify, is certainly sufficient. Ita lex scripta est is the language of the learned counsel often employed before us: and in the same terms we must answer his ground. The 6th article of the amendments of the constitution of the United States, (1 Stat. 181,) has no application to this case. This is a case in a State Court. That article relates altogether to trials in the Courts of the United States. Whether there a witness may, in a misdemeanor, under the the words “compulsory process,” be compelled to enter into recognizance to appear and testify at the instance of the defendant, it is not necessary to determine.
8d. The defendant has contended that an arrest of judgment discharged the defendants from the warrant, and that the State must begin de novo. Such a proposition was startling, when made by a lawyer of forty year’s experience. For it was altogether at war with all my previous notions of criminal law. The authority mainly relied on was 2 Hale’s P. C. 394-5, which when examined shows that the learned counsel was mistaken. For in Vaux’s case, where he was acquitted by verdict, 4 Co. Rep. 44, a, and where the judgment was “ eat sine die,” yet, inasmuch as the words were plot “ eat inde quietus,” it was held, inasmuch as the indictment was defective, he might be tried again, and accordingly he was so tried, convicted, and executed. That decision would not now be sustained, for the verdict of acquittal, notwithstanding the defects of the indictment, would be enough for the defendant’s protection.
Lord Hale, after commenting on and disapproving of Vaux’s case, at page 895, tells us what the judgment in arrest, ought to be; it is, as he says, “ special,” “ quod indictamentum oh insufficientum cassetur,” “ and quod the prisoner eat inde ad prxsens sine die.” This merely defeats the indictment, and leaves every thing before it in full force.
*299 4th. The defendant’s fourth ground might once have been a debateable matter : but after the many decisions in this State, it cannot be allowed to be questioned, that the bar of the Act of 1748, only extends to the pecuniary fine, and not to the imprisonment. In the case of the State v. Fields, 2 Bail. 554, it was held by the Circuit Judge (Evans) and by the appeal Judges, Johnson, O’Neall, and Harper, in affirmance of his decision, in 1831, that the word penalty in the Act of 1748, is used in the sense of a fine or forfeiture of money, and not as including imprisonment or any other corporal pain.
In the State vs. Lemon, 2 Hill, 628, note a, the defendant was convicted in the Spring of 1831, of the offence of trading with a slave, and Judge Earle held that notwithstanding the trading'took place more than six months before the commencement of the prosecution, that yet as the punishment by law consisted of fine and imprisonment, the statute only barred the fine, and that judgment must be awarded against the prisoner for the imprisonment. This decision was affirmed by the Court of Appeals. The case of the State vs. Free, 2 Hill, 628, in 1835, was for the same offence, attended by the same circumstances, as to the time of trading; the same judgment was given on the circuit by Butler, J., and his decision was affirmed by the Court. of Appeals. In the case of the State vs. Dent, (in 1845,) 1 Rich. 469, who was convicted of gaming at a period more than six months before the commencement of the prosecution, the whole subject was reviewed by the late Judge Richardson, and he concluded, after a careful examination of the law, that the decisions in Lemon’s and Free’s cases were right in principle. After such an array of authority, and with which the people of the State have been satisfied for twenty-four years, it ought not to have been supposed that we would undertake to introduce another rule. Stare decisis, here, is.not only duty but wisdom.
5th. The variance between the allegation of the indictment and the proof, is, in point of fact, none. The slave Jerry was *300 tbe property of a man known oftener by-the name of David Thomas than David 4- Thomas. I suppose it alludes to the difference between the warrant given in evidence after the defendant’s counsel had begun his argument, which alleges the selling of spirits to have been to a slave of David Thomas, Sr. But this was no variance; senior is a mere designation — it is no part of the name. That the Court may permit evidence to be given after argument has begun and progressed, cannot' be denied. It is a matter of discretion, and is never used except to cure an accidental omission.
6th. This-ground is disposed of by the consideration already given ,to the other grounds. >
The motion is dismissed.
Wardlaw, WitheRS, Whither, Glover and Muhro, JJ., concurred.
Motion dismissed.